O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BOOKER, | ) Case No. EDCV 05-0647-RC |
| Plaintiff, | ) |
| vs. | ) OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Jeffrey Booker filed a complaint on July 26, 2005, seeking review of the Commissioner's decision denying his application for disability benefits. The Commissioner answered the complaint on December 19, 2005, and the parties filed a joint stipulation on April 13, 2006.

**BACKGROUND**

**I**

On November 14, 2001, plaintiff applied for disability benefits under the Supplemental Security Income ("SSI") program of Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1382(a), claiming an

inability to work since July 4, 2001, due to back, ankle and foot pain. Certified Administrative Record ("A.R.") 107-09, 120. The plaintiff's application was initially denied on February 1, 2002, and was denied again on September 18, 2002, following reconsideration. A.R. 66-75. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge F. Keith Varni ("the ALJ") on July 8, 2003. A.R. 45-57, 83-86. On August 12, 2003, the ALJ issued a decision finding plaintiff is not disabled. A.R. 60-65. The plaintiff appealed this decision to the Appeals Council, which granted review on February 12, 2004, and remanded the matter to the ALJ for further proceedings. A.R. 87-88, 91-94.

Following remand, the ALJ held a second administrative hearing on September 13, 2004, A.R. 20-44, and on October 13, 2004, the ALJ issued another decision finding plaintiff is not disabled. A.R. 9-18. The plaintiff also appealed this decision to the Appeals Council, which denied review on June 11, 2005. A.R. 4-8.

**II**

Plaintiff was born on December 1, 1965, and is currently 40 years old. A.R. 23, 107. He has a ninth-grade education,[1] and has previously worked as an asphalt worker, tow truck driver, roofer, mechanic, and truss builder. A.R. 26-27, 121, 126, 132-39, 152-58.
//

---

[1] When plaintiff applied for SSI benefits, he indicated he had completed the 11th grade, A.R. 126; however, he later testified he dropped out of high school after completing the ninth grade. A.R. 23-24. This discrepancy is immaterial.

2

1    The plaintiff initially injured his lower back in a severe 1987
2 motor vehicle accident.[2]  A.R. 28.  Subsequently, on July 4, 2001,
3 plaintiff fell down a flight of stairs and broke his right ankle.
4 A.R. 27, 52, 188.  On July 5, 2001, plaintiff was evaluated at Loma
5 Linda University Medical Center, where x-rays were obtained and he was
6 diagnosed with a closed bimalleolar fracture of the right ankle, which
7 was reduced and splinted.  A.R. 196-99.  On July 10, 2001, at the
8 Riverside County Regional Medical Center ("RCRMC"), plaintiff
9 underwent open reduction and internal fixation surgery to repair the
10 bimalleolar fracture of his right ankle.  A.R. 240-41.  Intra
11 operative and postoperative x-rays obtained July 10, 2001,
12 demonstrated internal fixation of a distal fibular fracture and a
13 medial malleolar fracture with a metal plate and threaded screws,
14 resulting in essentially normal anatomical alignment.  A.R. 233-34.
15 Plaintiff remained hospitalized until July 13, 2001.  A.R. 238-39.
16 Subsequently, he received extensive medical treatment for his lower
17 back and right ankle pain at RCRMC.  A.R. 213-32, 262-68, 323-25, 356-
18 456.  X-rays of plaintiff's ankle taken October 15, 2001, showed his
19 ankle was still healing.  A.R. 243.  On September 30, 2002, plaintiff
20 underwent a lumbar spine MRI, which showed degenerative facet joint
21 hypertrophy[3] at L3-4 through L5-S1, primarily on the right side,
22 without significant bony central canal or neural foraminal
23 encroachment; "3-4 mm. left paracentral, posterior disk protrusion at

---

[2]   Although plaintiff has severe physical and mental impairments, this opinion address only plaintiff's physical complaints.

[3]   Hypertrophy is "the enlargement or overgrowth of an organ or part due to an increase in size of its constituent cells." Dorland's Illustrated Medical Dictionary, 859 (29th ed. 2000).

3

L4-5 abutting and mildly impinging upon the adjacent anterior thecal sac at the level of the proximal, budding, ventral, left L5 nerve root"; and "3-4 mm. central, posterior disk protrusion at L5-S1, but without associated thecal sac or exiting nerve root involvement." A.R. 329.  A CT Scan of plaintiff's right leg obtained October 4, 2002, revealed plaintiff was status post internal fixation of the distal fibula with anatomical alignment; however, he had osteoarthritis at the right ankle joint.  A.R. 323, 325.  A right ankle x-ray obtained November 12, 2003, demonstrated internal fixation of the distal fibula and medial malleolus.  A.R. 455.

    On January 4, 2002, Gary Y. Miya, M.D., a nonexamining physician, opined plaintiff can: occasionally lift and/or carry up to 20 pounds, climb, balance, stoop, kneel, crouch or crawl; frequently lift and/or carry up to 10 pounds; and stand, walk, and sit for 6 hours in an 8-hour day; however, he should avoid concentrated exposure to extreme cold.  A.R. 250-57.  On September 16, 2002, nonexamining physician James Haaland, M.D., affirmed Dr. Miya's assessment.  A.R. 257.

    On April 17, 2002, David Jewell, M.D., examined plaintiff for complaints of lower back, bilateral wrist, and right ankle pain and diagnosed plaintiff with lower back muscular pain, rule out degenerative joint disease.  A.R. 276-77.  Right wrist x-rays, obtained April 18, 2002, were normal except for a simple bony cyst in the proximal pole of the navicular.  A.R. 278.  Dr. Jewell continued to treat plaintiff, who was diagnosed with chronic lower back pain and right lower leg and ankle pain.  A.R. 271-75.  On March 4, 2003, Dr. Jewell opined plaintiff: can occasionally lift and carry 20 pounds and

4

frequently lift and carry 10 pounds; can stand or walk for 2 hours in an 8-hour day and sit for less than 2 hours in an 8-hour day; must alternate sitting or standing every 10 minutes; must walk for 5 minutes at 15-minute intervals; must be able to change between sitting or standing at will; needs to lie down every 1-2 hours; can twist or climb stairs occasionally; and cannot stoop, crouch, or climb ladders. A.R. 326-28.  Dr. Jewell also opined plaintiff should avoid concentrated exposure to extreme heat and even moderate exposure to extreme cold, wetness, or hazards since exposure to various elements will increase his pain, and exposure to hazards could be dangerous due to plaintiff's use of narcotic pain medication.  A.R. 328.

On May 6, 2004, Bunsri T. Sophon, M.D., an orthopedic surgeon, examined plaintiff and diagnosed him with a right ankle bimalleolar fracture, status post open reduction and internal fixation, and lumbar spine degenerative disc disease.  A.R. 467-75.  Dr. Sophon opined plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit, stand or walk for 6 hours in an 8-hour day, and can occasionally bend, stoop, crouch, climb, balance, kneel or crawl. A.R. 471-75.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), may review the Commissioner's decision denying plaintiff disability benefits to determine if her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th

Cir. 2006); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers

in the national economy.  20 C.F.R. § 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.  (Step One).  The ALJ then found plaintiff has an impairment or combination of impairments considered severe (Step Two), but does not have an impairment or combination of impairments that meets or equals a listing.  (Step Three).  The ALJ next determined plaintiff has no past relevant work.  (Step Four).  Finally, the ALJ determined plaintiff can perform a significant number of jobs in the national economy; therefore, he is not disabled.  (Step Five).

**IV**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations.[4]  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  Here, the ALJ found plaintiff retains the RFC "for a significant range of light work."[5]  A.R. 18.  More specifically, the ALJ concluded:

---

[4] Initially, the Court has reviewed plaintiff's claim that the ALJ erred in Step Three of the sequential analysis in failing to properly consider plaintiff's obesity in determining whether plaintiff's condition equals a listed impairment, and finds plaintiff's contention is without merit.  Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).  Therefore, the Court need not address this claim.

[5] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be **very little, a job is in this category when**

7

1       [plaintiff] is physically capable of lifting 20 pounds
2       occasionally and 10 pounds frequently, standing and/or
3       walking for six hours out of an eight hour day, and sitting
4       for six hours out of an eight hour day.  The [plaintiff] is
5       capable of occasional climbing, balancing, kneeling,
6       crouching, crawling, and stooping.  The [plaintiff] is
7       precluded from exposure to heavy concentrations of
8       respiratory contamination or pollution.  Mentally, the
9       [plaintiff] is limited to simple, routine, repetitive, non-
10      public tasks.

12  Id.  However, plaintiff contends the ALJ's RFC assessment is not
13  supported by substantial evidence because the ALJ did not properly
14  consider the opinions of his treating physician, Dr. Jewell.  The
15  plaintiff is correct.

17      As an initial matter, the Court rejects the Commissioner's
18  contention that Dr. Jewell did not "actually treat[] Plaintiff."  Jt.
19  Stip. at 10:4-10.  To the contrary, Dr. Jewell treated plaintiff and
20  prescribed him medication, A.R. 271-77, and ordered x-rays, a CT Scan,
21  and an MRI for plaintiff.  See, e.g., A.R. 278, 323, 325, 329.
22  Therefore, Dr. Jewel was clearly plaintiff's treating physician.  See
23  Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994) (holding

---

**it requires a good deal of walking or standing, or when it involves sitting most of the time** with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. § 416.967(b) (emphasis added).

physician who saw claimant twice within 14-month period and prescribed medication to him is treating physician); 20 C.F.R. § 416.902 (A treating physician is any physician who "has provided [the claimant] with medical treatment or evaluation and who has or has had an ongoing treatment relationship with [the claimant].").

The medical opinions of treating physicians are entitled to special weight because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987); Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001); see also 20 C.F.R. § 416.927(d)(2) (generally providing more weight is given to treating sources "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)"). Therefore, the ALJ must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003), and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Bayliss, 427 F.3d at 1216.

The ALJ, in his decision finding plaintiff is not disabled, afforded "[n]o significant probative weight" to Dr. Jewell's assessment of plaintiff's limitations because the assessment was "not accompanied by any objective evidence and [was] inconsistent with the

evidence of record[,]" and therefore "appear[ed] to be an accommodative assessment of the claimant's limitations[,] which are greatly exaggerated." A.R. 16. However, these reasons are neither specific and legitimate reasons for rejecting Dr. Jewell's opinion nor accurate. First, as the Ninth Circuit has held, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required. . . ." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); see also Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1299 (9th Cir. 1999) ("conclusory reasons will not justify an ALJ's rejection of a medical opinion"). Second, Dr. Jewell specifically relied on objective medical evidence in making his assessment, and even cited the MRI of plaintiff's lower back taken on September 30, 2002. A.R. 327, 329. Therefore, the ALJ did not provide specific and legitimate reasons for rejecting Dr. Jewell's opinions.

## V

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating . . . physician, [this Court] credit[s] that opinion 'as a matter of law.'" Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (citations omitted); Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004). Here, properly crediting Dr. Jewell's opinions, it is clear plaintiff is entitled to disability benefits. Indeed, among other limitations, Dr. Jewell opined plaintiff can only: stand or walk for 2 hours in an 8-hour day and sit for less than 2 hours in an 8-hour day; must alternate sitting or standing every 10 minutes; must walk for 5 minutes at 15-minute

```
 1  intervals; must be able to change between sitting or standing at will;
 2  and needs to lie down every 1-2 hours.  A.R. 326-28.  Crediting the
 3  foregoing opinions as true, it is clear plaintiff cannot perform a
 4  significant range of light work, as defined in footnote 5 above, and
 5  the ALJ's finding that he can is not supported by substantial
 6  evidence.  Further, an individual with plaintiff's limitations cannot
 7  perform any work, and is disabled.  See Benecke, 379 F.3d at 595
 8  ("[I]n the unusual case in which it is clear from the record that the
 9  claimant is unable to perform gainful employment in the national
10  economy, even though the vocational expert did not address the precise
11  work limitations established by the improperly discredited testimony,
12  remand for an immediate award of benefits is appropriate."); Kornock
13  v. Harris, 648 F.2d 525, 527 (9th Cir. 1980) (per curiam) ("The
14  ability to work only a few hours a day . . . is not the ability to
15  engage in 'substantial gainful activity.'").
16
17       This Court has discretion to award disability benefits to a
18  plaintiff when there is no need to remand the case for additional
19  factual findings.  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th
20  Cir. 2002); Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001.
21  Generally, the Court will direct the award of benefits in cases where
22  the record has been fully developed and where further administrative
23  proceedings would serve no useful purpose.  McCartey, 298 F.3d at
24  1076-77; Vertigan v. Halter, 260 F.3d 1044, 1053 (9th Cir. 2001).
25  //
26  //
27  //
28  //
```

Here, the record has been fully developed, and benefits should be awarded plaintiff.

**ORDER**

IT IS ORDERED that plaintiff's request for relief be granted, and the Commissioner shall award disability benefits to plaintiff under the Supplemental Security Income program, 42 U.S.C. § 1382(a).

DATE:   November 20, 2006          /s/ Rosalyn M. Chapman
                                           ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

R&R-MDO\05-0647.MDO
11/20/06